**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Amin Moslehi,

Petitioner,

v.

Pamela Bondi, *et al.*,

Respondents.

No. CV-26-01244-PHX-JJT (MTM)

**ORDER**

On August 6, 2026, Petitioner filed an Objection (Doc. 14) to the Report and Recommendation (Doc. 11, "R&R") entered in this matter by United States Magistrate Judge Michael T. Morrissey on June 8, 2026. The Objection was filed 59 days after entry of the R&R. Fed. R. Civ. P. 72 provides an objection is untimely unless it is filed and served within 14 days after the objecting party is served with a copy of the R&R. Petitioner is deemed "served" with the R&R either on the date the R&R is entered on the docket if Petitioner is in a detention facility that provides detainees access to ECF, or three days after mailing if the Court mails the R&R to Petitioner. In this matter, the Court can confirm neither method of service. Petitioner's Objection to the R&R bears a manual filing stamp from the Clerk of Court, indicating he mailed it, rather than electronically filing it. From this the Court concludes Petitioner does not have access to ECF. Moreover, the docket bears no entry indicating the Clerk of Court mailed the R&R to Petitioner. For those

reasons, the Court will not simply overrule the Objection as untimely and will consider its merits as if timely filed.

Upon conducting such review, however, the Court will overrule the Objection. Petitioner's submission, although accurately citing caselaw, fails to engage with any of Judge Morrissey's analysis in the R&R and thus does not undermine any of his conclusions. Petitioner's detention is properly classified as pursuant to 8 U.S.C. § 1225(b) based on the circumstances of his arrival and presentation of himself for inspection at the border as an applicant for admission on January 25, 2025. He is thus subject to mandatory detention pursuant to § 1225(b) while his removal proceedings are pending. Those removal proceedings presently are stayed pending resolution of his appeal to the BIA of the IJ's removal order. Under these circumstances, Petitioner has no Constitutional right to a bond hearing based on a theory of prolonged detention pursuant to § 1225(b). As the R&R acknowledges, while Petitioner's detention—now at over 18 months—is both lengthy and "undoubtedly burdensome," it is constitutionally permissible because it is not indefinite—it is coterminous with the resolution to finality of his removal proceedings. (See R&R at 8.) As the Court stated in its Order adopting the R&R and denying habeas relief, if the resolution of removal proceedings are in Petitioner's favor, Respondents will no longer have a basis to hold him; conversely, if the order of removal is upheld on appeal and becomes final, post-finality detention has an upper limit of unreasonableness pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001).

**IT IS ORDERED** overruling the Objection (Doc. 14) to the R&R in this matter. The case must remain closed.

Dated this 8th day of September, 2026.

Honorable John J. Tuchi
United States District Judge